IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TODD MICHAEL RAINS, :
:
   Plaintiff, :
:
         v. : 5:07-cv-429 (HL)
:
FRED HEAD and BILL THURBER, :
:
   Defendants. :
_____

# ORDER

The Recommendation of the United States Magistrate Judge (Doc. 16) filed January 7, 2008, has been read and considered. The Objection to the Recommendation (Doc. 20) timely filed by Plaintiff Todd Michael Rains ("Rains") has also been thoroughly read and considered. For the reasons set forth below, the Recommendation is not accepted.

**I.    ANALYSIS**

Rains brings suit against Fred Head and Bill Thurber for medical malpractice under Georgia law and for a violation of his constitutional rights under 42 U.S.C. § 1983. He alleges that Fred Head (Head") was the acting head warden over the Georgia Diagnostic and Classification Center ("GDCP") where Rains was housed. According to Rains, Head was therefore "responsible for everything that occurs at GDCP." Compl. ¶ 17. Head concedes that this is true in his Answer to the

1

Complaint, which was filed in state court. The Complaint also alleges that Bill Thurber ("Thurber") was the Medical Director at GDCP and was therefore in charge of overseeing the medical operations of the facility.

Under § 1983, a plaintiff must prove an affirmative casual link between the defendant's acts and the constitutional deprivation. LaMarca v. Turner, 995 F.2d 1526, 1539 (11th Cir. 1993). The causal connection may be established by personal involvement in the acts that ultimately led to the constitutional deprivation or, in some cases, by failing to supervise a subordinate. Id.

The Magistrate Judge has recommended that Rains's claim against Fred Head be dismissed. This Recommendation is based on the conclusion that there is no causal relationship between Head's actions and the injury that Rains suffered. The Court, however, finds that there is a sufficient causal allegation in the Complaint because it alleges that Head failed to supervise his employees. Thus, instead of a claim under respondeant superior, Rains makes a claim based on Head's personal actions. In addition, there are two claims against Head: medical malpractice and § 1983. The Court therefore declines to dismiss Head from the case.

## II. CONCLUSION

The Recommendation of the Magistrate Judge (Doc. 9) is rejected and Defendant Head is ordered to remain a party to this case. The Court also notes that one of Defendant's objections was the referral of this case to a Magistrate Judge. Under 28 U.S.C. § 636 a Magistrate Judge may hear this case without the parties'

consent, therefore this case will remain referred pursuant to the Court's November 13, 2007 Order.

**SO ORDERED**, this the 25th day of January, 2008.

                                *s/   Hugh Lawson*
                                **HUGH LAWSON, Judge**

tch