IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TODD MICHAEL RAINS,

    Plaintiff

VS.

FRED HEAD, *et. al.*,

    Defendants

NO. 5:07-CV-429 (HL)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

Pending before the court is defendants' motion seeking dismissal which states that the plaintiff failed to exhaust the administrative remedies available to him before filing this federal lawsuit. Tab #24. Plaintiff Rains has responded to the defendant's motion to dismiss. Tab #27. Defendants have replied to plaintiff's response. Tab #28.

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that before an incarcerated plaintiff can bring any action under Section 1983, he must exhaust all of the available administrative remedies available to him. 42 U.S.C. §1997e(a). Defendants aver that plaintiff Rains did not complete the three-step grievance procedure in place throughout the Georgia Department of Corrections which is explained in detail in the attachments to the defendant's motion. The Eleventh Circuit has made clear that exhaustion of administrative remedies is a precursor to a prisoner's filing a civil rights action even when the administrative procedures set forth by the prison are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

In support of their motion, defendants' have submitted the affidavits of both Shevondah Fields and James Brown, manager of GDOC Office of Investigations and Compliance, and Grievance Coordinator for the Georgia Diagnostic and Classification Prison, respectively. Mr. Brown states that plaintiff never filed an informal grievance about the incident in question. Ms. Fields asserts that plaintiff has never filed or appealed a formal grievance regarding the incident in his Complaint.

In his Response, plaintiff alleges that he filed two informal grievances concerning the incident at issue in this case. Plaintiff next contends that he failed to receive a response to either grievance. This, according to plaintiff Rains, prevented him from filing a formal grievance. Plaintiff has failed to provide any evidentiary support for these claims but did submit copies of informal grievances related to similar *subsequent* incidents.

Because plaintiff Rains did not complete the grievance procedure, this case is not properly before this court and must be **DISMISSED** pursuant to the PLRA's exhaustion requirement.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

In light of foregoing defendants' pending Motion to Stay Discovery is **DENIED** as MOOT.

SO RECOMMENDED, this 24th day of JULY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE